UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
RONY COMPERE, #16004060,

                        Plaintiff,

              -against-                        **ORDER**
                                              16-CV-6008(JMA)(AYS)

MADELINE SINGAS, ESQ., MILISSA DOKURNO, ESQ.,
MRS. LOVETT, ESQ., JUDGE DAVID P. SULLIVAN, JUDGE
ANGELO DELLIGATTI, MR. GRODER, SARAH THOMAS,
MICHEAL F. BERGER,

                       Defendants.
-------------------------------------------------------------------------------X
**AZRACK, District Judge:**

      On October 17, 2016, incarcerated pro se plaintiff Rony Compere filed a complaint in this Court against Nassau County District Attorney Madeline Singas, Assistant District Attorney Milissa Dokurno, Assistant District Attorney Lovett, Judge David P. Sullivan, Judge Angelo Delligati, Mr. Groder, Sarah Thomas, Micheal F. Berger pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights. Plaintiff also filed an application to proceed in forma pauperis. The Court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b) for the reasons that follow.

## I. BACKGROUND

      Plaintiff's handwritten complaint is submitted on the Court's Section 1983 complaint form with an additional four pages and seeks to challenge an on-going state court criminal prosecution in Nassau County Court under case number 01631N-2016. Plaintiff's claims are difficult to comprehend. As the Court can best discern, plaintiff was incarcerated on January 15, 2016

1

following a parole violation. (Compl. at 5.) Plaintiff was scheduled to be released on June 10, 2016, but was re-arrested before he left the jail for a burglary that he allegedly committed on December 5, 2015. (Id.)

Plaintiff claims ADA Dokurno "lied" so that the judge would set a bail amount that plaintiff could not afford. (Id.) Plaintiff also complains that he was not produced in court until September 15, 2016. (Id.) Plaintiff claims that he is being falsely imprisoned and that his due process rights have been violated. (Id. at 6.) As a result of the foregoing, plaintiff claims to have suffered "mental anguish" and seeks to recover a damages award in an unspecified sum. (Id. ¶¶ IV.A, V.)

## II.   DISCUSSION

### A.   In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). In reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true. see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998).

**C.      Section 1983**

3

Section 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1. Claims Against DA Singas, ADA Dokurndo, ADA Lovett, Judge Sullivan, and Judge Delligatti

Sovereign, prosecutorial, and judicial immunity bar all claims against DA Singas, ADA Dokurndo, ADA Lovett, Judge Sullivan, and Judge Delligatti.

Plaintiff's claims against DA Singas, ADA Dokurndo, ADA Lovett, Judge Sullivan, and Judge Delligatti in their official capacities must be dismissed because a state official acting in his or her official capacity is protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst, 465 U.S. at 100. The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S.

4

58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted).

The Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010).

Where a state prosecutor is sued for damages in his or her official capacity, immunity under the Eleventh Amendment attaches to bar the suit, as the suit is construed as being against the State of New York. See Amaker v. N.Y. State Dept. of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities); (Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) (holding that district attorney represents State not county and so is entitled to Eleventh Amendment immunity). A suit seeking money damages against a state court judge in his or her official capacity is likewise barred by the Eleventh Amendment. See McKnight v. Middleton, 699 F. Supp. 2d 507, 521-23 (E.D.N.Y. 2010) (dismissing claims asserted against state court judge in her official capacity on sovereign immunity grounds); Sassower v. Mangano, 927 F. Supp. 113, 120 (S.D.N.Y. 1996) (barring suit against presiding and associate Justices of the Supreme Court of New York, Second Department by the Eleventh Amendment). Thus, the Eleventh Amendment precludes any claim for monetary damages against DA Singas, ADA Dokurndo, ADA Lovett, Judge Sullivan, and

5

Judge Delligatti in their official capacities.  See, e.g., Caldwell v. Pesce, 83 F. Supp. 3d 472, 482 (E.D.N.Y 2015).

To the extent plaintiff seeks to sue these defendants in their individual capacities, such claims are barred by absolute prosecutorial immunity and judicial immunity, respectively. Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

Accordingly, plaintiff's claims against DA Singas, ADA Dokurndo, ADA Lovett, Judge Sullivan, and Judge Delligatti are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1)–(2).

### 2. Claims Against Groder, Thomas, and Berger

The claims against Groder, Thomas, and Berger are dismissed because plaintiff has not alleged these defendants were acting under color of state law.

In order to state a Section 1983 claim, a plaintiff must allege, among other things, that the conduct challenged was "committed by a person acting under color of state law."  Cornejo, 592 F.3d at 127 (citation omitted).  It is well established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez, 116 F.3d at 66.

Nonetheless, a private actor may be considered to be acting under the color of state law for purposes of Section 1983 if he or she was a "willful participant in joint activity with the State or its agents."  Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).  Section 1983 liability may also extend to a private actor who conspires with a state actor to violate a plaintiff's constitutional rights.  Id. at 323–24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury;

6

and (3) an overt act done in furtherance of that goal causing damages." Id. at 324–25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)).

Groder, Thomas, and Berger are alleged to be plaintiff's criminal defense attorneys in the underlying state court criminal matter. These defenders are private actors who do not act under color of state law. Furthermore, plaintiff fails to state any allegations that Groder, Thomas, and Berger jointly acted or conspired with a state actor to deprive plaintiff of some constitutional right. Accordingly, plaintiff's Section 1983 claims against Groder, Thomas, and Berger fail as a matter of law, and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defects in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint is denied as futile.

### III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but plaintiff's claims are sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b). The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**                                  ___/s/ JMA_____
                                                 Joan M. Azrack
Dated:   June 29, 2017                           United States District Judge
         Central Islip, New York